

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable O. J. S. Ellingson
General Manager
Texas Prison System
Huntsville, Texas

Dear Sir:

Opinion No. O-2772
Re: How much of the latter
commitment of Clyde Lin-
ney should be credited
on his first commitment?
And related questions.

Your inquiry of recent date asking our opinion on the questions stated has been carefully considered. In order to elucidate the questions involved, we summarize the facts.

The convict was first committed on December 5, 1927, from Hunt and Fannin Counties to serve a six year term for three cases of burglary, having been sentenced on November 3, 1927. Two months and eight days later, or on January 11, 1928, he escaped. His service in the penitentiary was as Convict No. 57957, name D. C. Lenney.

On January 11, 1928, the same day of the escape, the prison authorities published circulars offering $25.00 reward for the recapture and return to prison of the said escapee. One of the conditions of the reward offer was that if committed to prison upon a new conviction, the recapture reward became void.

On December 16, 1938, as Clyde Linney, No. 90187, your prisoner was again committed from Howard County, to serve a four year term for two cases of passing a forged instrument, sentence having been entered as beginning on October 14, 1938. No mention was made in the sentence to the

prior convictions hereinabove referred to. He was not identified as the escapee, D. C. Lenney No. 57957, and on February 7, 1939, the Governor of Texas granted a conditional pardon covering the Howard County convictions only. The expiration date under these convictions would be February 4, 1942.

The above facts are gleaned from your original letter requesting our opinion and from the letter you wrote in answer to our request for additional information. We quote your request paragraph:

"This inmate is now in custody for return here as an escape under No. 57957 and we would like to have your opinion as to how much of his latter commitment should be credited on his first commitment; also whether the present arresting officers are entitled to a reward in this case."

With reference to your first question, we respectfully direct your attention to the following article of the Code of Criminal Procedure of Texas:

"Article 774, (840) (862) <u>Cumulative or concurrent sentence</u>

"When the same defendant has been convicted in two or more cases, and the punishment assessed in each case is confinement in the penitentiary or the jail for a term of imprisonment, judgment and sentence shall be pronounced in each case in the same manner as if there had been but one conviction, except that in the discretion of the Court, the judgment in the second and subsequent convictions may either be that the punishment shall begin when the judgment and sentence in the preceding conviction has ceased to operate, or that the punishment shall run concurrently with the other case or cases, and sentence and execution shall be accordingly."

Prior to the adoption of this article it was held by the Supreme Court, in the case of Prince v. State, 44 Tex. 480, that the courts had no authority to cumulate the penalty

and have one sentence begin at the expiration of another. Hannahon v. State, 7 Tex. App. 664; Baker v. State, 11 Tex. App. 262. It has been said by the Court of Criminal Appeals that it is by virtue of the quoted provision of the Code that courts in this state can order a cumulative term, and that one term of imprisonment shall begin at the expiration of another, and, in case the court does not so order in the last sentence or final judgment so imposed, the terms run concurrently. See Ex parte Hunt, 28 Tex. App. 361, 13 S. W. 145; Ex parte Cox, 29 Tex. App. 84, 14 S. W. 396; Ex parte Davis, 71 Tex. Cr. R. 538, 160 S. W. 459.

It is said that in the application of the statute, it is not essential that the prior convictions be at the same term of court; Ex parte Moseley, 30 Tex. App. 338, 17 S. W. 418; nor in the same court, Miller v. State, Tex. Cr. App., 44 S.W. 162. This interpretation has even been extended to such length that in the case of Ex parte Lawson, 98 Tex. Cr. R. 544, 266 S. W. 1101, the court held that time spent in a federal prison should count on a Texas prison sentence where the federal imprisonment took place after the state district judge had, in imposing the state sentence, made no mention of the federal case.

Upon application of the principles of law contained in the foregoing authorities, you are respectfully advised that the time spent in the penitentiary as Clyde Linney, No. 90187, should be credited as being also in satisfaction of the sentence previously assessed the same individual as D. C. Lenney, No. 57957, and the credit should be for each day he was actually in prison. Sartain v. State, 10 Tex. App. 655, 38 Am. Rep. 649. When he was released on the conditional pardon, the proclamation omitting any reference to the Hunt and Fannin County cases, he resumed his status as an escapee therefrom. A pardon which recites a specific offense does not cover a separate and distinct offense committed by the same offender, though the two offenses may be of a similar character; in such event the pardon embraces only the offense mentioned. 31 Tex. Jur. 1263 §7; Ex parte Crane, 115 Tex. Cr. R. 168, 29 S. W. (2d) 357; Miller v. State, 46 Tex. Cr. R. 59, 79 S.W. 567.

We next consider the second question pertaining to the reward. As we understand it, the authorities offering the reward immediately upon the escape being effected, limited the terms thereof only to provide that the reward should be

voided if the subject was committed to prison upon a new conviction. The real question, therefore, is did the new conviction operate to void the reward, where the identity was not detected by the penitentiary authorities upon the second commitment?

We confess that the element of the ignorance of the identity of the prisoner as well as the lack of knowledge of events transpiring after the reward offer was made, on the part of the person now claiming the reward, has given us considerable concern in arriving at the proper conclusion upon which to predicate our advice to you on the questions. No case covering the exact situation has come to our attention nor has been found by us after diligent search. With all of the aids science has contributed to enable the identification of persons through photography, the Bertillion system and fingerprints, known to be used by the Texas Prison System, it seems the only explanation tenable is the human element of error afflicting all of us at times.

The recovery of rewards offered is governed by the law of contracts. Choice v. City of Dallas, (Tex. Civ. App.) 210 S. W. 753. Persons offering rewards may impose any reasonable condition governing the payment thereof, and may provide as an incident to the offer, for the termination of it. Caryl v. State, (Sup. Ct. Washington) 236 P. 792. According to your reply to our letter of September 28th, written by you on October 10th 1940, if an escapee is committed to prison with a new conviction, the recapture rewards are voided. If this provision was incorporated with the original reward offer, you do not now owe the reward for the subject was committed on the Howard County case, a new conviction.

However, we made an independent investigation, and were privileged to see one of the notices sent out by the Prison System covering this matter, through the courtesy of Mr. Joe S. Fletcher of the Department of Public Safety. In addition to a photograph of the subject, his fingerprints, classification and other descriptive matter, the circular reads as follows:

"Twenty-five ($25.00) Dollars Reward Delivered to Transfer Agent at any jail in the United States. Wire Information to Chief Clerk Criminal Record Department, Huntsville, Texas."

In addition, the files of Mr. Fletcher reveal that through some coincidence not entirely clear to us, the Bureau of Identification and Records of the Department of Public Safety were but recently furnished a copy of the above referred to escape notice. In the course of routine checking the identity was established, showing your No. 57957 to be one and the same person as No. 90187, Clyde Linney. Your Bureau of Records was promptly apprised and inquiry made as to whether the subject was still wanted as an escape by the Prison System. It then seems the Sheriff of the County where the subject was presently residing was notified, whereupon the arrest was made, but whether by the sheriff of Nolan County, or the Police Department is not clear, since the Department of Public Safety Finger Print Records show "9-13-40 - P.D. 3931, Sweetwater, Texas, Holding Escaped Holding for TSP."

We must therefore conditionally answer your inquiry relative to the reward;

(1) If the arrest was made, without knowledge of the reward offer on the part of the one making such arrest, he would not be entitled to collect the reward. Prior knowledge of a reward offered for the arrest and return of an escaped prisoner and performance in accord therewith are essential to a right to recover. This holding appears in the Supreme Court Case of Broadnox v. Ledbetter, 100 Tex. 375, 99 S. W. 1111, 9 L.R.A. (N.S.) 1057; see also Tobin v. McComb, (Tex. Civ. App.) 156 S.W. 237, Choice v. City of Dallas (Tex. Civ. App.) 210 S. W. 753.

(2) If the arrest was made because of, in reliance upon and in compliance with the reward offer, the reward should be paid to the person performing the acts making him entitled thereto. In other words, the terms of an offer for a unilateral contract cannot be varied unless made in the same manner as the original offer. In accordance with the tenets of contract law, the imposition of new conditions amounts to the revocation of the original offer and the making of a new one. The revocation of such an offer to be effectual must have been made in such manner as to likely reach the recipients thereof. Usually the same method must be used in revoking as was used in making the original offer. See Williston on Contracts, Revised Edition, Vol. 1, §§ 59-60A, and authorities there cited.

Honorable C. J. S. Ellingson, Page 6


       We have been delayed somewhat in answering your recuest for our opinion because of the difficulty of obtaining all of the pertinent facts. We trust the above will enable you to determine the question with reference to the reward; if not clear to you, please send us a full statement of the case, together with copies of any and all documents promulgated by the Texas Prison System appertaining thereto.

                    Yours very truly

                    ATTORNEY GENERAL OF TEXAS

           By *Benjamin Woodall*

                Benjamin Woodall
                    Assistant

BW:ew


APPROVED OCT 30, 1940

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY *BWB*
CHAIRMAN